**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
         jsmith@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (State Bar No. 291289)
David W. Hall (State Bar No. 274921)
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
E-Mail: fhedin@hedinhall.com
         dhall@hedinhall.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SMITH, individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| THE MEN'S WEARHOUSE, INC., and TAILORED BRANDS, INC., | |
| Defendants. | |

CLASS ACTION COMPLAINT

Plaintiff Anthony Smith ("Plaintiff") brings this class action complaint against The Men's Wearhouse, Inc. and Tailored Brands, Inc. ("Defendants"). Plaintiff's allegations are based upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF ACTION

1. Defendant The Men's Wearhouse, Inc. is the nation's largest formalwear retailer, and has been selling and providing formalwear for rent at its retail outlets since 1973. Effective January 31, 2016, Defendant Tailored Brands, Inc. became the successor reporting company to The Men's Wearhouse, Inc. pursuant to a reorganization. For the purposes of this complaint, all references to "Men's Wearhouse" or "Defendants" will refer to both Defendant The Men's Wearhouse, Inc. and Defendant Tailored Brands, Inc.

2. Men's Wearhouse's provides a large range of clothing, shoes, and accessories for rent at its retail locations. Customers are able to rent, *inter alia*, suits, tuxedos, vests, shirts, shoes, pants, ties, and other clothes and accessories (collectively, "formalwear").

3. Whenever a customer wishes to rent any item from Men's Wearhouse, the customer is forced to enter into a rental agreement with Men's Wearhouse (the "Rental Agreement"). The Rental Agreement provides for the imposition by Men's Wearhouse of late return fees in the amount of $20 whenever a customer returns any garment after the scheduled due date.

4. Men's Wearhouse's provision of rental services in California is and at all times relevant hereto has been subject to Defendants' Rental Agreement. The Rental Agreement remains in effect as of the date of this Complaint. The Rental Agreement provides that Men's Wearhouse will impose a late return fee of $20 per day. The Rental Agreement states that the "Late fee will be accrued daily and charged in a lump sum, upon the receipt of the late garments."

5. The late return charges provided for in the Rental Agreement, and imposed by the Rental Agreement, are hereinafter referred to as the "Late Fees."

6. As is set forth more particularly below, Plaintiff and the members of the proposed plaintiff class are individuals who are or were Defendants' customers who used Defendants'

CLASS ACTION COMPLAINT                                                                                                       1

services in the State of California, and who paid Late Fees in connection with services rendered in the State of California.

7. The Late Fees have generated substantial revenues and profits for Defendants. By this complaint, Plaintiff seeks, inter alia, to permanently enjoin the enforcement and threat of collection of the Late Fees and to recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class.

8. The Late Fees constitute unlawful penalties that are void and unenforceable under California Civil Code § 1671 ("§ 1671"); unlawful and unfair under California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. (the "UCL"); and unconscionable under California Civil Code § 1750 et seq., the Consumers Legal Remedies Act (the "CLRA").

9. Plaintiff therefore seeks, as alleged with greater particularity below, to (a) permanently enjoin Defendants from collecting the Late Fees; (b) impose constructive trusts on all amounts by which Defendants were unjustly enriched as a result of collecting the Late Fees; (c) recover as damages and/or restitution all Late Fees heretofore paid by members of the plaintiff class; and (d) obtain all such other relief to which they may be entitled pursuant to Civil Code § 1671, the UCL or any other applicable provision of California law, including, without limitation, disgorgement, actual damages and restitution.

**PARTIES**

10. At all times relevant hereto, Anthony Smith was a resident of Contra Costa County, in California. Around August of 2016, Smith rented numerous formalwear items from Men's Wearhouse's retail stores in Walnut Creek and Emeryville, California subject to the Rental Agreement. Men's Wearhouse charged and Mr. Smith paid multiple Late Fees pursuant to the Rental Agreement as a result of the 2016 rentals. As a result thereof, Smith suffered and injury in fact resulting in the loss of money and/or property.

11. Defendant The Men's Wearhouse, Inc. is a Texas corporation, with headquarters in Austin, Texas and Fremont, California. Under the Rental Agreement, The Men's Wearhouse, Inc. collected Late Fees provided for in the Rental Agreement in California.

12. Defendant Tailored Brands, Inc. is a Texas corporation, with headquarters in Austin, Texas and Fremont, California. According to Tailored Brands, Inc's most recent Form 10-K filed with the United States Securities and Exchange Commission, Tailored Brands became the successor reporting company to The Men's Wearhouse, Inc. effective January 31, 2016. Tailored Brands has continued charging and collecting Late Fees pursuant to the Rental Agreement in California since the January 2016 reorganization.

13. At all relevant times, each Defendant acted in concert with, with the knowledge and approval of and/or as the agent of the other Defendants within the course and scope of the agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

14. This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed Class; (b) some members of the proposed Class have a different citizenship from Defendants; and (c) the claims of the proposed Class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. See 28 U.S.C. § 1332(d)(2) and (6).

15. This Court has personal jurisdiction over Defendant because they conduct substantial business within California, such that Defendants have significant, continuous and pervasive contacts with the State of California.

16. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact significant business within this District. Venue is also proper under 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

17. Defendants operate dozens of formalwear rental stores in the State of California. To use Defendants' services and rent garments of clothing, Defendants require that potential customers enter into a Rental Agreement with Defendants. The Rental Agreement was drafted

entirely by Men's Wearhouse and/or its affiliates, is not subject to modification or negotiation and is presented to prospective customers on a "take it or leave it" basis. The Rental Agreement is a contract of adhesion under California law.

18. The Rental Agreement has at all times relevant hereto included a "Late Return Fee" provision which provides for the imposition of Late Fees. The Late Return Provision states:

> Late Return Fee: Per day $20.00
>
> Late fee will be accrued daily and charged in a lump sum, upon the receipt of the late garments, up to the full replacement cost of the applicable garment. If a garment is returned more than 21 days late, customer will be charged the full replacement cost.

19. Defendants have in fact imposed such Late Fees on, and collected them from, Plaintiff and other members of the proposed class.

20. Defendants collected significant revenues from imposing Late Fees on Plaintiff and the members of the proposed class.

21. If and to the extent that Defendants suffer, would suffer or have suffered any damage upon late return, it is neither impracticable nor extremely difficult to fix the actual damage. Furthermore, if and to the extent that Defendants suffer, would suffer, or have suffered any damage upon late return, the Late Fees are not a reasonable measure or approximation of such damages and do not provide fair average compensation therefor. Moreover, they are – and under the circumstances existing at the time the Rental Agreement was made, were – unreasonable. On information and belief, Defendants did not conduct a reasonable endeavor to fix fair average compensation for losses, if any, that they incur, would incur or have incurred by virtue of late returns. The Late Fees were not negotiated or discussed with Plaintiff or the members of the proposed class.

22. The Late Fees imposed by Defendants are unconscionable, void and unenforceable under Civil Code §§ 1670.5, 1671(b) and/or 1671(d), constitute an unlawful, unfair and deceptive practice under the UCL, and violate the CLRA, including without limitation Civil Code §§ 1770(a)(14) and 1770(a)(19).

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23 on behalf of the following class (the "Class"):

> All persons who paid one or more Late Fees imposed by Defendants pursuant to the Rental Agreement with respect to any rental at one of Defendants' retail locations in the State of California. Any judicial officer to whom the Action is assigned is excluded from the Class. Defendants, the officers and directors of the Defendants at all relevant times, members of their immediate families and their legal representatives, heir, successors or assigns, and any entity in which Defendants have or had a controlling interest are also excluded from the Class

24. Plaintiff is a member of the Class he seeks to represent.

25. The Class is so numerous that joinder of all members is impractical. Although Plaintiff does not yet know the exact size of the Class, Defendant operates dozens of retail locations in California, each of which charge their thousands of customers Late Fees pursuant to the Rental Agreement.

26. The Class is ascertainable because the Class members can be identified by objective criteria – the payment of Late Fees, as can be ascertained through Defendant's records. Individual notice can be provided to Class members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

27. There are numerous questions of law and fact common to the Class which predominate over any individual actions or issues, including but not limited to:

   a. Whether the Defendants' Late Fees are illegal, void and unenforceable contractual penalties pursuant to Civil Code § 1671(d);

   b. Whether damages are extremely difficult or impracticable to determine;

   c. Whether Defendants conducted a reasonable endeavor, prior to imposing the Late Fees or including them in the Rental Agreement, to fix fair average compensation for losses, if any, that they suffer when customers make a late return, and if so, whether the Late Fees reflect the results of such a reasonable endeavor.

   d. Whether Defendants' Late Fees are unconscionable;

   e. Whether Defendants' Late Fees violate the UCL;

   f. Whether Defendants' Late Fees violate the CLRA;

g.      Whether Plaintiff and the proposed Class members are entitled to restitution of Late Fees paid to Defendants;

h.      Whether Plaintiff and the proposed Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit; and

i.      Whether Defendants should be enjoined from collecting Late Fees and/or from enforcing the Late Fee provision in their existing contracts.

28.     Plaintiff's claims are typical of the claims of the members of the Class, having paid late Fees to Defendants pursuant to the Rental Agreement.  Plaintiff and the proposed Class have similarly suffered harm arising from Defendants' violations of the law, as alleged herein.

29.     Plaintiff is an adequate representative of the proposed Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained counsel competent and experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of the Class members.

30.     The class mechanism is superior to other available means for the fair and efficient adjudication of Plaintiff's and the proposed Class members' claims.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims are consistently adjudicated.

## FIRST CAUSE OF ACTION
### Violation of California Civil Code § 1671(d)

31. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

32. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

33. The Late Fees are impermissible liquidated damages provisions under California law. The Late Fees themselves, the contractual provisions that provide for them and their imposition and collection by Defendants violate Civil Code § 1671(d) and are unlawful, void and unenforceable under that statute.

34. Civil Code § 1671(d) states that a contractual provision, in a contract for the retail purchase or rental of personal property or services primarily for the party's personal, family, or household purposes, liquidating damages for the breach of the contract, is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the cause, it would be impracticable or extremely difficult to fix that actual damage. The Rental Agreement is a contract for the purchase of services primarily for personal, family or household use of Plaintiff and the members of the Class.

35. If and to the extent that Defendants suffer, would suffer or have suffered any damages due to late returns by Plaintiff or members of the Class, it would not be impracticable, nor would it be extremely difficult, to determine them with certainty. Furthermore, the liquidated damages in the Rental Agreement do not reflect a reasonable endeavor by Defendants to fix fair average compensation for any harm that Defendants would suffer, may suffer or have suffered, if any, from the late returns. The Rental Agreement is a contract of adhesion drafted by Defendants and/or its parents, subsidiaries or affiliates and presented to prospective customers on a "take it or leave it" basis with no opportunity for any prospective customer to negotiate any of its terms and conditions. The Late Fees provision in the Rental Agreement is a liquidated damages provision that fails to comply with the standards set forth in Civil Code § 1671(d), and

therefore constitutes impermissible contractual penalties.  Defendants' imposition of Late Fees on Plaintiff and the members of the Class violates, and at all times relevant here to has violated, § 1671(d).  Defendants' collection of Late Fees from Plaintiff and the members of the Class likewise violates, and at all times relevant hereto has violated, Civil Code § 1671(d).

36. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein.  Pursuant to Civil Code § 1671(d), Plaintiff, individually and on behalf of the members of the Class, seeks an order of this Court preliminarily and permanently enjoining Defendants from further enforcement and collection of Late Fees as alleged herein.  Plaintiff also seeks an order:

    a. Requiring Defendants to cease their unlawful acts and practices;

    b. Directing Defendants to make full restitution of all monies wrongfully obtained;

    c. Forcing Defendants to disgorge all ill-gotten revenues and/or profits; and

    d. Providing such other and further relief as may be just and proper.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
**Violation of the Consumers Legal Remedies Act,**
**California Civil Code §§ 1750 *et seq*.**
**(Injunctive relief only)**

37. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

39. Defendants have engaged in deceptive practices, unlawful methods of competition and/or unfair acts as defined by Civil Code § 1750, *et seq*., to the detriment of Plaintiff and the members of the Class.  Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein.

40. Defendants intentionally, knowingly, and unlawfully perpetrated harm upon Plaintiff and the Class members by inserting unconscionable, unenforceable and illegal provisions in their Rental Agreements with Plaintiff and the Class members in violation of Civil Code § 1770(a)(19), and by enforcing those provisions.  By inserting an unconscionable, unenforceable and void Late Fees provision in the Rental Agreement, and then enforcing that provision by imposing and collecting Late Fees, Defendants also violated Civil Code § 1770(a)(14), which prohibits them from representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law.

41. Defendants' policy and practice with respect to their inclusion of Late Fees in their Rental Agreement and their collection of Late Fees is unlawful, unethical, oppressive, and malicious.  The gravity of the harm to all consumers from Defendants' policies and practices far outweighs any purported utility those policies and practices have.

42. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein and will continue to suffer such harm if Defendants' illegal practices are not abated.

43. Under California Civil Code § 1780(a), Plaintiff and members of the Class seek injunctive and equitable relief for Defendants' violations of the CLRA.  Plaintiff has mailed an appropriate demand letter consistent with California Civil Code § 1782(a).  If Defendants fail to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend his complaint to include a request for damages as permitted by Civil Code § 1782(d).

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION
**Unlawful Business Practices in Violation of the Unfair Competition Law
California Business and Professions Code §§ 17200 *et seq*.**

44. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

45. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

CLASS ACTION COMPLAINT                                                                                          9

46. Defendants' continuing imposition, enforcement and collection of unlawful, unconscionable and unenforceable Late Fees constitutes an unlawful business practice in violation of Bus. & Prof. Code §§ 17200 *et seq*. Plaintiff and the members of the Class have suffered harm as a proximate result of the violations of law and wrongful conduct of Defendants alleged herein.

47. Civil Code § 1671(d) states that a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein on an amount that shall be presumed to be the amount of the damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

48. The Late Fees charged by Defendants to, and collected by Defendants from, Plaintiff and the members of the Class are unlawful liquidated damages provisions under Civil Code § 1671(d) for the reasons set forth above. As a result of their inclusion of the Late Fees provisions in the Rental Agreement, and their imposition and collection of the Late Fees, Defendants have violated Civil Code § 1671(d).

49. The inclusion of the Late Fees provision in the Rental Agreement, and Defendants' imposition of the Late Fees on, and collection of the Late Fees from, Plaintiff and the members of the Class also violate Civil Code § 1670.5 because the Late Fees are unconscionable. Prospective customers have no meaningful choice with respect to the inclusion of the Late Fees in the Rental Agreement nor in the amount of the Late Fees. The Rental Agreement is drafted by Defendants and presented to prospective customers on a "take it or leave it" basis with no opportunity or possibility of negotiating any different terms and conditions with Defendants. The Late Fees provision in the Rental Agreement is therefore procedurally unconscionable.

50. The Late Fees are unreasonably favorable to Defendants and unduly harsh with respect to Defendants' customers, and therefore, are substantively unconscionable. For example,

the Late Fees have no relationship whatsoever to any damages incurred by Defendants, if any, as a result of late returns by customers.

51. The Late Fees charged to Plaintiff and the members of the Class also violate the Consumers Legal Remedies Act, Civil Code § 1750 *et seq.*, as they are unconscionable, unenforceable and illegal provisions in violation of Civil Code §§ 1770(a)(14) and 1770(a)(19).

52. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result of having paid the Late Fees.

53. Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Defendants from continuing to engage in their unfair and unlawful conduct as alleged herein. Plaintiff also seeks, *inter alia*, an order requiring Defendants to:

    a. Immediately cease their unlawful acts and practices;

    b. Make full restitution of all monies wrongfully obtained; and

    c. Disgorge all ill-gotten revenues and/or profits.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### Unfair Business Practices in Violation of Business and Professions Code §§ 17200 *et seq.*

54. Plaintiff incorporates herein by reference the allegations contained in all preceding paragraphs of this complaint.

55. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants.

56. The conduct of Defendants, as herein alleged, constitutes an unfair business practice within the meaning of Bus. & Prof. Code §§ 17200, *et seq*.

57. Defendants violated the "unfair" prong of the UCL by requiring customers to enter into contracts of adhesion that include the Late Fees provision, by enforcing the contractual provisions that provide for the imposition of the Late Fees and by imposing and collecting the Late Fees.

58. Defendants' said practices with respect to Late Fees violate the "unfair" prong of the UCL because the Late Fees: (1) constitute unfair and wrongful penalties inconsistent with the language and policy of Civil Code § 1671; and (2) constitute unconscionable provisions, in violation of various laws and policies recognized by the California Legislature and the California courts, including without limitation Civil Code § 1670.5 and the CLRA.

59. Defendants' said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the utility of the Late Fees is significantly outweighed by the gravity of the harm that they impose on consumers. The Late Fees have limited or no utility as compared with alternatives that would more fairly measure the harm (if any) incurred by Defendants when a customer makes a late return. The gravity of the harm that the Late Fees impose on consumers is substantial in that they exceed the actual amount of harm (if any) incurred by Defendants when a customer makes a late return. Through their imposition and collection of the Late Fees from the members of the Class, Defendants have been massively and unjustly enriched. Defendants' Late Fees also violate the "unfair" prong of the UCL because their inclusion in the Rental Agreements, imposition and collection are and at all times relevant hereto have been oppressive, unscrupulous or substantially injurious to consumers.

60. Defendants' said practices with respect to the Late Fees also violate the "unfair" prong of the UCL because the Late Fees, the provision of the Rental Agreement imposing the Late Fees, and Defendants' enforcement of them through the imposition and collection thereof cause substantial harm that is not outweighed by countervailing benefits to consumers or competition, and consumers could not reasonably have avoided the harm.

61. Defendants' practices with respect to the Late Fees also violate the "unfair" prong of the UCL for the reasons set forth in the Third Cause of Action, above.

62. Plaintiff and the members of the Class have suffered an injury in fact resulting in the loss of money or property as a result, *inter alia*, of having paid the Late Fees.

63.     Pursuant to Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Defendants from continuing to engage in their unfair and unlawful conduct as alleged herein.  Plaintiffs also seeks an order, *inter alia*, requiring Defendants to:

      a.     Immediately cease their unlawful acts and practices;

      b.     Make full restitution of all monies wrongfully obtained; and

      c.     Disgorge all ill-gotten revenues and /or profits.

WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the members of the Class, prays:

A.     For an order certifying the Class and appointing Plaintiff and the undersigned counsel of record to represent the Class;

B.     For a permanent injunction enjoining Defendants, their partners, joint ventures, subsidiaries, agents, servants, and employees, and all persons acting under, in concert with them directly or indirectly, or in any manner, from in any way engaging in the unfair and unlawful practices and violations of law set forth herein;

C.     For full restitution of all funds acquired from Defendants' unfair business practices and other violations of law, including disgorgement of profits;

D.     For imposition of a constructive trust upon all monies and assets Defendants have acquired as a result of their unfair practices;

E.     For damages according to proof;

F.     For a judicial declaration regarding the validity of Defendants' liquidated damages provisions in the Rental Agreement;

G.     For costs of suit herein;

H.     For both pre- and post-judgment interest on any amounts awarded;

I.     For payment of reasonable attorneys' fees; and

J.     For such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated:  May 14, 2018                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:          */s/ Yeremey Krivoshey*
                Yeremey Krivoshey

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Yeremey O. Krivoshey (State Bar No.295032)
Thomas A. Reyda (State Bar No. 312632)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
            jsmith@bursor.com
            ykrivoshey@bursor.com
            treyda@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

**HEDIN HALL LLP**
Frank S. Hedin (State Bar No. 291289)
David W. Hall (State Bar No. 274921)
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058
E-Mail: fhedin@hedinhall.com
              dhall@hedinhall.com

*Counsel for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Yeremey Krivoshey, declare as follows:

1. I am counsel for Plaintiff, and I am an associate at Bursor & Fisher, P.A. I make this declaration to the best of my knowledge, information, and belief of the facts stated herein.

2. The complaint filed in this action is filed in the proper place for trial because a substantial portion of the transaction occurred in this District, in that Plaintiff alleges that he was charged and paid Late Fees in this District.

3. Further, Defendants conduct a substantial amount of business within this District and have retail locations in this District.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May 14, 2018 at Walnut Creek, California.

                                            */s/ Yeremey Krivoshey*
                                              Yeremey Krivoshey